Williams, J.
(concurring). The fundamental question is whether the State Board of Regents had the power to direct the deletion of the portrayal of íavo acts of sexual intercourse as “ obscene ”. One argument that has been advanced by those who would display such scenes to the general public is that the censorial elimination would destroy a cultural and important social theme. If, in fact, the theme presents serious questions of social and moral problems, on a high cultural level (which I do not admit), that theme and those questions can as well be preserved by the substitution of other and less offensive types of portrayal. The acts need not actually be visibly depicted to impart to the public that the acts of intercourse had indeed taken place.
It is contended that the production must be considered as a whole, but to my mind its over-all merit is not such as to support scenes of obscenity. And the contention that the two scenes of visible sexual intercourse are necessary to maintain the high cultural level of the picture speaks little for the social value of the production “as a whole ”.
However, to revert to the original basic problem, I do not favor the actual physical portrayal of acts of sexual intercourse in public whether it be through the media of motion pictures, the theatre or otherwise. In my opinion the Board of Regents was
*100 amply justified in finding the eliminated scenes to he obscene and had complete authority to direct their deletion.
Opinion by Judge Burke in which Chief Judge Desmond and Judges Scileppi and Williams* concur, each in a separate opinion in each of which the others concur; Judges Dye, Fuld and Van Voorhis dissent and vote to affirm upon the majority memorandum opinion in the Appellate Division.
Order reversed, etc.

Designated pursuant to article VI (§2, subd. a) of the State Constitution in place of Judge Bergan, disqualified.